### PARISIAN COMB CO. v. ESCHWEGE et al.

(Circuit Court, S. D. New York. March 31, 1899.)

EQUITY PRACTICE—TAKING TESTIMONY—POWER OF COURT TO LIMIT.
   In the taking of proofs in equity in a circuit court, a witness cannot be excused from answering a question because deemed immaterial by the court, as the party is entitled to have the testimony in the record for use on appeal.

On Application to Require a Witness before a Master to Answer a Question.

John R. Bennett, for the motion.
James A. Hudson, opposed.

LACOMBE, Circuit Judge. This is another application to require a witness to answer a question propounded during taking of proofs in equity. As has been so often pointed out, the decision of the supreme court in Blease v. Garlington, 92 U. S. 1, seems controlling. It seems as if the information sought to be elicited were not essential to complainant's case, nor, indeed, relevant or material to the issues which, according to practice, will be first argued, viz. validity of patent, construction of claim, and infringement. Nevertheless this court is not the final arbiter as to whether the testimony is or is not immaterial, and, in view of the object intended by the amendment of the sixty-seventh rule, it should obtain and preserve the answers for the benefit of the appellate tribunal. Blease v. Garlington, supra. As to order of proof, it is not understood that the trial judge will be without power to enter a final decree assessing damages, if the evidence warrants it, without going through the formality of an interlocutory decree, and reference to a master. The question must be answered.